IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALBERT VAREL, | ) |
| | ) |
|           Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 12–cv–0103–JPG–SCW |
| | ) |
| SMURFIT-STONE CONTAINER CORP., | ) |
| | ) |
|           Defendant. | ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

Discovery in this retaliatory discharge case closed on October 9, 2012. On October 17, Defendant Smurfit-Stone Container Corporation ("Smurfit-Stone") moved for summary judgment. District Judge Gilbert entered a memorandum and order (Doc. 30) denying Smurfit-Stone's motion for summary judgment on December 12, 2012. The same day—having earlier been informed of a discovery dispute between the parties—the undersigned magistrate judge held a discovery dispute hearing via telephone.

During the hearing, Plaintiff asked the Court to compel production of certain discovery materials that Defendant had identified in a supplemental disclosure, but had never produced. Further, Plaintiff moved to re-open discovery so as to compel the production of supplemental discovery requests he propounded upon Defendant shortly before the close of discovery in October. Defendant argued against producing the previously-disclosed material, and indicated that it would consent to re-opening discovery—but only on the condition Defendant be granted an opportunity to file a new motion for summary judgment at the end of any additional discovery period. The Court orders the following:

1. Production of Disclosed Documents

It is well-settled that district courts enjoy broad discretion in controlling discovery. ***Cent. States, Se. & Sw. Areas Pension Fund v. Waste Mgmt. of Mich.***, 674 F.3d 630, 636 (7th Cir. 2012). The Federal Rules obligate each party to provide to the other "an identification of each document or other exhibit . . . the party expects to offer [at trial] and those it may offer if the need arises." **FED. R. CIV. P. 26(a)(3)(A)(iii)**. The only exception to that obligation is that a party need not disclose potential evidence that it may present at trial "solely for impeachment." **FED. R. CIV. P. 26(a)(3)(A)**. A party who has made a disclosure under Rule 26(a), or who has responded to an interrogatory, request for production, or request for admission, must supplement its disclosure or response in a timely manner if it learns that in some material respect the response or disclosure is incomplete or incorrect. **FED. R. CIV. P. 26(e)(1)(A)**. The opposing party may, with some limitations when the discovery is burdensome or readily available by other means, obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. **FED. R. CIV. P. 26(b)(1)–(b)(2)(C)**.

The day discovery closed, pursuant to its obligation under Rule 26(e), Defendant supplemented its Rule 26(a) disclosures with ten documents in its possession: (1) medical records regarding "Injury No. 03 WC 57014;" (2) pleadings regarding that injury, including lump sum settlement contract and order; (3) correspondence from counsel for Albert Varel regarding that injury; (4) Mr. Varel's employment file, including training documents; (5) Mr. Varel's disciplinary documents and Last Chance Agreement; (6) Mr. Varel's medical file maintained by Defendant; (7) a listing of workers' compensation claims and injuries; (8) charges of discrimination filed with the EEOC and Dismissal and Notice of Rights; (9) Varel's employment records from Manpower, Jim's Formal Wear, Unique Personnel Consultants, Breese Journal, Sudholt Sheet Metal, Priority Staffing

Group, and records from United Steelworkers Union, Local 1215; and (10) employment files and, if applicable, workers' compensation information for eight other individuals.

On the theory that it could withdraw its disclosures because they are "rebuttal" evidence, Defendant argues that it need not produce the documents it disclosed pursuant to Rule 26(a)(3)(A)(iii). That theory is unsupported by the federal rules. If they had not been disclosed, it is conceivable (if extremely speculative to say) that the disclosed documents could have been used as impeachment evidence without contributing to Defendant's case in chief. But Defendant disclosed the documents in question pursuant to Rule 26, therefore as relevant to its "claim or defense." The Court will not allow the withdrawal of those disclosures now, over two months after their disclosure. Plaintiff's motion is therefore granted. The Court **DIRECTS** Defendant to produce all materials identified in its supplemental disclosure, on or before January 4, 2012.

**2. Motion to Re-open Discovery Denied**

Plaintiff's request to re-open discovery is **DENIED**. Discovery has been closed since early October, and (until mid-December) neither party had ever indicated to the Court a need for additional discovery. Plaintiff argues that Defendant should now be ordered to respond to his Third Interrogatories and Third Request for Production, which were untimely served on Defendant in late September and which Defendant objected to as untimely in mid-October 2012. Over two months had passed since Plaintiff became aware of that objection, and the Court is not inclined to revisit the issue at this late date. Indeed, during the December 12 hearing it was disclosed that the Plaintiff had previously objected to a previously floated request for an informal extension of the discovery deadline. Defendant would be prejudiced by a re-opening of discovery, in that it has already spent significant resources gathering discovery and preparing a summary judgment motion. And re-opening discovery would require an entirely new scheduling order for a case that is set for trial less than two months from now. This ruling, of course, also means that Defendant will not get a second

bite at the summary judgment apple—an eventuality that would further undermine judicial efficiency.

Discovery in this case is closed, with the limited exception of Defendant's obligation to produce the as-yet-unproduced materials identified above.  The case remains set for trial before District Judge Gilbert on February 11, 2013.

**IT IS SO ORDERED.**
**DATE: 12/17/2012**                                         **/s/ *Stephen C. Williams***
                                                             **STEPHEN C. WILLIAMS**
                                                             United States Magistrate Judge